IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00994–KMT

HOTTINGER EXCAVATING & READY MIX, LLC,

    Plaintiff,

v.

R.E. CRAWFORD CONSTRUCTION, LLC,
JEFF USELTON,
COASTAL ELITE, LLC,
PAUL JOHNSTON, SR.,
PAUL JOHNSTON, III,
EDGAR W. COX, JR., and
AKRON FDS, LLC,

    Defendants.

---

**TRIAL PREPARATION CONFERENCE ORDER**

---

    Pursuant to Fed. R. Civ. P. 16(e), D.C.COLO.LCivR 16.3, and D.C.COLO.LCivR 43.1, the court enters this **Trial Preparation Conference Order**.

**IT IS ORDERED** as follows:

1. A trial by jury shall commence **June 27, 2016 at 9:00 a.m.,** in Courtroom C-201, located on the 2nd Floor of the Byron Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado 80294, at which trial all parties shall appear in person without further notice, order, or subpoena;

2. The court reserves three (3) days for trial:

   - **Monday, June 27, 2016, through Wednesday, June 29, 2016;**

3. Counsel and any *pro se* party shall appear in Courtroom C-201 on the first day of trial at 8:30 a.m., to review and discuss with the courtroom deputy clerk and the court, if necessary, any final details, arrangements, or requirements concerning the trial;

4. A combined **Trial Preparation Conference/Final Pretrial Conference** shall commence on **May 20, 2016 at 3:00 p.m.,** in Courtroom C-201. Lead counsel and any *pro se* party shall attend the conference in person unless otherwise pre-arranged;

5. The proposed Final Pretrial Order, submitted pursuant to District Court Electronic Case Filing Procedures, shall be presented for the approval of the court no later than seven (7) days before the Trial Preparation Conference/Final Pretrial Conference, i.e. by **May 13, 2016;**

6. The proposed Final Pretrial Order shall be prepared in the time, manner, and form prescribed by D.C.COLO.LCivR 16.3 and the "Final Pretrial Order and Instructions (Local Rules Appendix G)" found at http://www.cod.uscourts.gov/JudicialOfficers/ArticleIMagistrateJudges/HonKathleenMTafoya.aspx. The required Exhibit List and Witness List shall comply with this Court's Practice Standards, Sections IV.E and F;

7. At the outset of the conference, the parties shall submit the stipulated and proposed jury instructions and verdict forms as well as proposed voir dire, if applicable;

8. At the conference the parties shall be prepared to review and discuss, *inter alia*, the following:

    a. the proposed Final Pretrial Order;

    b. stipulated and proposed jury instructions and verdict forms;

    c. *voir dire* questions;

    d. the jury selection process and the use of juror questionnaires;

    e. identification of all persons permitted to be seated at each party's table;

    f. the pronunciation of problematic parties' and witnesses' names;

    g. the names or monikers that may be used when referring to a party or a witness;

    h. identification of "will call" and "may call" witnesses;

    i. use of deposition testimony;

    j. use of video depositions;

    k. issues concerning witnesses and exhibits;

      l.  the allocation of trial time between the parties;

      m.  the admission of stipulated exhibits or exhibits about which there are no objections;

      n.  timing of publication, if any, of trial exhibits to the jury;

      o.  anticipated evidentiary issues and resolutions of motions in limine;

      p.  the necessity for cautionary or limiting instructions;

      q.  requests or requirement for trial briefs;

      r.  exemptions from the order of sequestration of witnesses;

      s.  security precautions, requirements, or issues;

      t.  training on the use of courtroom technology; and

      u.  transporting and bringing equipment, models, props, or other property into the courthouse and courtroom for use during trial;[1]

9. The parties shall comply with this Court's practice standards, Section V(E), regarding preparation of trial exhibits;

10. Unless ordered otherwise, the jurors shall not be sequestered before deliberations;

11. Trial witnesses subject to sequestration under Fed. R. Evid. 615 shall be sequestered by order entered *sua sponte* immediately before opening statements;

12. Unless interrupted by the court, in marshaling motions or objections during trial, the following sequential protocol shall be observed: objection, response, reply, ruling;

13. To eliminate or minimize bench or sidebar conferences, each party shall be responsible to inform the courtroom deputy clerk by the conclusion of a trial day about any issue which should be considered before commencing trial on the next scheduled day of trial and at the outset of a trial day about any issue which should be considered at the conclusion of that trial day;

---

[1] The court has audio, video, audio-visual, evidentiary presentation, and other special equipment that may be used by the parties. Arrangements for training on courtroom technology must be made with the courtroom deputy clerk, **Sabrina Grimm, at (303)335-2039**, at least 14 days before trial. Notify the courtroom deputy clerk no later than **five (5) business days** before the date and time you need such equipment or need your own equipment to be brought through security for use in the courtroom.

14. For additional information about courtroom protocol, courtroom technology and training, trial preparation, transport of items into the courthouse and courtroom, or submission of trial exhibits, the courtroom deputy clerk, **Sabrina Grimm, at (303) 335-2039**, should be contacted.

Dated this 6th day of April, 2016.

_____
Kathleen M. Tafoya
United States Magistrate Judge